AO 10
Rev. 1/2010

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2009

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial)<br><br>LOZANO, RODOLFO | 2. Court or Organization<br><br>US DISTRICT COURT | 3. Date of Report<br><br>04/21/2010 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>DISTRICT JUDGE - SENIOR | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,    Date<br>☐ Initial   ☑ Annual   ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2009<br>to<br>12/31/2009 |
| 7. Chambers or Office Address<br><br>5400 FEDERAL PLAZA<br>SUITE 4300<br>HAMMOND, IN 46320 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. PARTNER | TRUST▒▒▒▒ GOUGH SPANGLER BUILDING |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

RECEIVED
2010 MAY 13 P 3:38
FINANCIAL DISCLOSURE OFFICE

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

Lozano, Rodolfo

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 04/21/2010 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income – *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 04/21/2010 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

[✓] NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

[ ] NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. TRANSAMERICA LIFE INSURANCE CO | INSURANCE LOAN | L |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 04/21/2010 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. EFFRON II, LTD PARTNERSHIP, YPSILANTI, MI, REAL ESTATE | B | Rent | K | W | | | | | |
| 2. GOUGH SPANGLER TRUST▒▒▒▒, MERRJLLVILLE, IN | C | Rent | M | R | | | | | |
| 3. TRANSAMERICA INSURANCE CO - WHOLE LIFE | | None | J | T | | | | | |
| 4. TRANSAMERICA INSURANCE CO - UNIVERSAL LIFE | A | Dividend | J | T | | | | | |
| 5. TRANSAMERICA INSURANCE CO - UNIVERSAL LIFE | A | Dividend | J | T | | | | | |
| 6. TRANSAMERICA INSURANCE CO - UNIVERSAL LIFE | A | Dividend | J | T | | | | | |
| 7. TRANSAMERICA INSURANCE CO - UNIVERSAL LIFE | A | Dividend | J | T | | | | | |
| 8. PRUDENTIAL INSURANCE CO - LIMITED PAY POLICY | A | Dividend | J | T | | | | | |
| 9. PRUDENTIAL INSURANCE CO - LIMITED PAY POLICY | A | Dividend | J | T | | | | | |
| 10. PRUDENTIAL INSURANCE CO - LIMITED PAY POLICY | A | Dividend | J | T | | | | | |
| 11. METROPOLITAN LIFE INSURANCE CO | A | Dividend | J | T | | | | | |
| 12. METROPOLITAN LIFE INSURANCE CO | A | Dividend | J | T | | | | | |
| 13. JP MORGAN CHASE BANK | A | Int./Div. | J | T | | | | | |
| 14. WELLS FARGO FKA WACHOVIA BANK | A | Int./Div. | J | T | | | | | |
| 15. CENTIER BANK | A | Int./Div. | J | T | | | | | |
| 16. FIFTH THIRD BANK | A | Int./Div. | J | T | | | | | |
| 17. | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 04/21/2010 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

PART V - GIFTS - I RESIGNED MY UNION LEAGUE MEMBERSHIP APPROXIMATELY ONE YEAR AGO.

PART VII - INVESTMENTS AND TRUSTS - LINE 1 - I HAVE NOT AND WILL NOT ACCEPT A CASE WITH MORT EFFRON, WHO IS THE GENERAL PARTNER OF EFFRON II. EFFRON II, LIMITED PARTNERSHIP IS A SHOPPING CENTER IN YPSILANTI MICHIGAN.

PART VII - INVESTMENTS AND TRUSTS - LINE 2 - I HAVE NOT PARTICIPATED IN ANY MANAGEMENT DECISIONS IN GOUGH SPANGLER BUILDING PARTNERSHIP TRUST            SINCE PRIOR TO MY TAKING THE BENCH. I REQUESTED THAT I NOT BE INVOLVED IN ANY MANAGEMENT DECISIONS WHILE ON THE BENCH AND HAVE BEEN ADVISED THAT A RESOLUTION WAS PASSED TO THIS EFFECT. I HAVE NOT AND WILL NOT ACCEPT ANY CASED INVOLVING SPANGLER, JENNINGS & DOUGHERTY, P.C., THE BUILDING'S MAJOR TENNANT. VALUE FOR THE BUILDING IS SHOWN AS MY SHARE ONLY. IN THE PAST THE BUILDING'S VALUE WAS SHOWN AS TOTAL VALUE. VALUE OF THE BUILDING IS THE APPRAISAL AT THE TIME THE LOAN WITH FIFTH THIRD BANK WAS ISSUED. APPRAISAL ISSUED JULY 17, 1998 TO PINNACLE BANK (WHICH LATER BECAME FIFTH THIRD BANK).

ATTORNEYS P. JEFFREY SCHLESINGER AND CHARLES E STEWARD JR. HAVE RENTED A SMALL OFFICE SPACE IN THE GOUGH SPANGLER BUILDING WHERE I HAVE AN INTEREST. BOTH OF THESE ATTORNEYS HAVE CRIMINAL CASIS IN MY COURT AS CJA ATTORNEYS. I HAVE MADE DISCLOSURE OF THIS SITUATION ON ALL CASES WHERE I AM PRESIDING JUDGE WITH THESE TWO ATTORNEYS PARTICIPATING. I HAVE RECIEVED WAIVERS FROM COUNSEL AND THE DEFENDENTS ON ALL OF THESE CASES. I HAVE ASKED THE GOVERNMENT AND THESE TWO ATTORNEYS TO BE SURE TO REMIND ME TO MAKE A RECORD SO AS TO MAKE SURE A CASE DOES NOT GET OVERLOOKED. I DID NOT APPROACH, NEGOTIATE, OR ENCOURAGE THE RENTING OF THIS OFFICE SPACE. AS MENTIONED BEFORE, I HAVE NOTHING TO DO WITH THE MANAGEMENT OF THE BUILDING.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signa

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544